### Hoyt and others *v.* Wright.

*(Circuit Court, D. Colorado.*   October 14, 1880.)

**1. Removal—Jurisdiction—Pleading.**—Want of jurisdiction must be pleaded, where an objection to the removal of a cause is made upon that ground, and such defect is not apparent upon the face of the record in the state court, or the petition for removal.

**2. Same—Same—Conveyance by Party to Suit.**—A *bona fide* conveyance of the property in controversy, by a party to the suit, for the express purpose of conferring jurisdiction upon the federal court, will furnish no ground for remanding a cause to a state court.

Petition to Remand.

————, for plaintiffs.

————, for defendant.

HALLETT, D. J.  In cases removed from a court of the state, if there is in the record, either in the state court or in the petition for removal, anything showing want of jurisdiction in this court, the party objecting to the removal may rely upon that by motion to have the cause remanded.  If, taking the facts appearing in the record and petition to be true, this court has jurisdiction, the party objecting to the jurisdiction must make his objection by plea to the jurisdiction,—that is, he must allege the facts in a manner in which issue may be joined, and according to the course and practice of the court, so that they may be properly determined,—and it has been determined by the supreme court that the method of doing that is by plea to the jurisdiction, and in that way only. Upon such a plea we know what course is to be pursued; we know how to consider it, how to ascertain its sufficiency, and how, if issue be joined upon it, to reach a conclusion as to the matter of fact.

This paper is called a petition to remand, and in it the pleader sets up a matter which is not shown in the record, and as a pleading it is something that we know nothing about, and we could not take any notice of it, if the matters alleged in it were such as would be sufficient to remand the cause, if true; but the matter stated in the petition is not in itself a ground for remanding the case. It is alleged that Mr. Mills was a party to this suit in the state court, and an owner in the property in controversy; that he conveyed his interest in the property to one of his associates, one of the plaintiffs, and thereupon moved on behalf of the other plaintiffs to transfer the cause to this court; that this was done for the purpose of conferring jurisdiction upon this court; "that the sale and conveyance by Mr. Mills to his co-plaintiff, Wright, and the discontinuance of the action as to himself in the district court of the county of Ouray and state of Colorado, was made for the sole and avowed purpose of giving this court jurisdiction of said case." If that is true exactly as stated, it is no ground for remanding the case, provided the sale was in fact made. A party having property may sell it for the express purpose of enabling his vendee to sue in this court, and if it be a real sale and not a sham, that is no objection to the jurisdiction; but, if the transfer is merely colorable,— if, notwithstanding the transfer, he still retains his interest in the property, and is still the owner of it,—then it would be a collusive proceeding, which, of course, would not confer jurisdiction. The question in such a transaction as this is whether there was a real transfer of the interest by which the vendee in the conveyance obtained a title, or whether it was colorable merely; whether Mr. Mills still retains his interest in it. If, by plea to the jurisdiction in the form which is prescribed by law, the defendant here is able to allege that Mr. Mills, being a party to this suit in the state court, without consideration, or in any way which was not effective to transfer his interest, and merely for the purpose of giving this court jurisdiction, transferred his interest to one of the other parties, and thereupon caused the suit to be removed, that

may be ground for remanding; otherwise we must retain the case here. I do not see that any order is to be made here; we take no notice whatever of the petition.